Commonwealth ex rel. Hernandez, Appellant, *v.* Price.

Argued March 15, 1956. Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Samuel J. Goldstein*, for appellant.

*William Claney Smith*, Assistant District Attorney, with him *Edward C. Boyle*, District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, April 23, 1956:

This appeal is from an order of the Court of Common Pleas of Allegheny County denying the relator's petition for a writ of habeas corpus. As the petitioner sought release from restraint imposed pursuant to an extradition warrant, the appeal was properly taken to this court: Section 7, Act of May 25, 1951, P. L. 415, 12 PS §§1901, 1907. See also *Commonwealth ex rel. Henderson v. Baldi*, 372 Pa. 463, 465, 93 A. 2d 458.

On December 8, 1954, a warrant issued out of the Municipal Court of Cook County, Chicago, Illinois, for the arrest of relator on a charge of "child abandon-

ment", admittedly a felony in Illinois. Relator was apprehended and taken into custody by the police of Pittsburgh, in May, 1955. The Cook County authorities duly sought his extradition. As a part of the application for extradition, Chabela Hernandez, relator's wife, made an affidavit on May 17, 1955, before a judge of the Municipal Court in Chicago that relator's abandonment of his child had taken place in Chicago on or about September 13, 1952.

On May 20, 1955, the Governor of Illinois issued his requisition to the Governor of Pennsylvania requesting the return of relator who, as stated in the requisition, was charged with having committed the crime of child abandonment in Illinois and having thereafter fled the justice of that State. The Governor of Pennsylvania issued his warrant on May 24, 1955, for the arrest of relator (then in the custody of the Pittsburgh police) and for his delivery to the authorized agent of Illinois for extradition.

On June 9, 1955, relator filed his petition in the Court of Common Pleas of Allegheny County for a writ of habeas corpus on the bald and unsupported averment that he was illegally arrested and detained. At the hearing on the petition on June 27, 1955, the Commonwealth introduced in evidence, without objection from relator's counsel, all of the documents above mentioned except the requisition from the Governor of Illinois. Also, Chabela Hernandez testified at the hearing that relator was present in Illinois on the date the alleged crime was committed. At the conclusion of the hearing the petition was dismissed. No appeal from the order of dismissal was taken within the time limited therefor. On November 21, 1955, relator petitioned this court for leave to appeal *nunc pro tunc* which we necessarily refused. Bond for relator's enlargement

had been filed at the time of the hearing in the lower court and it was not until some time in the Fall of 1955 that the warden of the Allegheny County jail again took him into custody. Thereupon, through his new counsel he filed the above-mentioned petition for leave to appeal. Failing in that maneuver, counsel renewed relator's original petition. The court below gave him a further hearing but in the end reaffirmed the dismissal of the petition. Relator then took this appeal.

There is nothing in the case that was either not pressed or could not have been pressed at the hearing prior to the original dismissal of the petition. The legal contentions which appellant's counsel now advances add nothing that was not inherent in the proceeding from the outset. The procedure lately pursued is a hardly disguised effort to obtain appellate review of the lower court's final order which relator failed to appeal timely. In *Commonwealth ex rel. Young v. Day,* 180 Pa. Superior Ct. 276, 279, 119 A. 2d 559, it was said that "A petition for a writ of habeas corpus which is repetitious of a previous petition should be dismissed, for a second petition cannot be employed as a device to secure subsequent appellate review of adjudicated matters from which a timely appeal could have been taken." Here, the repetition was not even by way of a second petition. There was but the one proceeding and the one petition.

There is no merit in the appellant's contentions in any event. The facts disclose that the proceeding conformed to the requirements of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191 et seq. See *Commonwealth ex rel. Taylor v. Superintendent, Philadelphia County Prison,* 382 Pa. 181, 184, 114 A. 2d 343, which is directly in point. As to relator's complaint that the hearing judge erred in reject-

ing his offers of proof, two of them concerned matter relating to the crime charged against him and were therefore not germane to the extradition proceeding. Section 20 of the Uniform Criminal Extradition Act declares that "The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor, or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided [Section 3] shall have been presented to the Governor, except as it may be involved in identifying the person held as the person charged with the crime." Here, relator has at all times admitted his identity. See *Commonwealth ex rel. Hatton v. Dye,* 373 Pa. 502, 506, 96 A. 2d 127; also *Commonwealth ex rel. Ghezzi v. Jeffries,* 164 Pa. Superior Ct. 48, 51, 63 A. 2d 386. The remaining offer was a conclusion of law, viz., that relator was not a fugitive from justice within the meaning of the Federal or State Constitutions and not an offer of proof of facts from which such a conclusion could be drawn. The action of the hearing judge was manifestly proper.

Appeal dismissed.