Commonwealth ex rel. Crist, Appellant, *v.* Price.

Argued September 29, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*William L. Standish, IV,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY JUSTICE ALPERN, December 5, 1961:

This case comes before the court on appeal from the order of the court below denying the petition of Clifton Crist for a writ of habeas corpus in an extradition proceeding. It is claimed that the requisition pa-

pers do not satisfy the requirements of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191.1 et seq.

On July 14, 1959 the appellant Crist pleaded guilty in Tennessee to burglary and was sentenced to three years, the sentence to begin on the expiration of a sentence he was then serving in Leavenworth. Upon his release from Leavenworth he was returned to Pittsburgh on a prior hold order for trial on a pending case. A verdict of not guilty was found. He was detained on a warrant of extradition to Tennessee which he now attacks in a habeas corpus proceeding.

The Tennessee extradition papers contain the request of the Governor of that State for extradition alleging that appellant is a fugitive, the request by the district attorney general to the Governor of Tennessee setting forth all the relevant facts, including the allegation that appellant is a fugitive, and asking that a requisition be issued to the Governor of Pennsylvania. Included in the extradition papers are the indictment, certified copies of the guilty plea of Crist to a burglary charge, and the sentence of three years imposed by the jury. The Governor of Pennsylvania issued an extradition warrant.

Appellant on appeal from the dismissal of his petition for habeas corpus advances several arguments.

1. He claims he is not a fugitive who is extraditable under Section 3 because the requisition papers sent up from Tennessee contain no date for the alleged crime other than the month and year: "——— day of August, 1958." He relies on Section 3 of the Uniform Criminal Extradition Act, 1941, July 8, P. L. 288, §3, 19 PS §191.3, which provides in part: "No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing, alleging, except in cases arising under section 6, that the accused was present in the demanding

state at the time of the commission of the alleged crime and that thereafter he fled from the state . . ."

His claim is that there was no allegation he was present in the demanding state at the time of the crime. The appellant chooses to ignore the fact that the certified record of sentence from Tennessee showed that he pleaded guilty and was sentenced to three years by a jury, thus admitting his presence in Tennessee at the time of the offense. At the very least, by his plea of guilty and sentence he has admitted his implication in this crime and thus could be extradited under Section 6, as a principal outside the demanding state at the time of the commission of the crime.

Section 6 gives the Governor discretion to extradite where the person was not in the demanding state at the time of the offense but could be held criminally responsible there. See *Cooper v. McDermott,* 399 Pa. 160 (1960), 159 A. 2d 486, where the alleged criminals were sending pornographic material into Pennsylvania from California.

The same argument was one of those advanced in *Commonwealth ex rel. Taylor v. Superintendent, Philadelphia County Prison,* 382 Pa. 181 (1955), 114 A. 2d 343 and the Court at pages 183-185 answered: " 'The question of whether a crime is charged against the accused in the demanding state [and whether he is charged with being in the demanding state at the time of the commission of the alleged crime] is one of law, and to be ascertained from the requisition and the papers accompanying it. . . . If an indictment has been found . . ., a copy thereof duly certified as authentic by the governor and accompanying his requisition, will be sufficient evidence, *prima facie,* that a crime has been charged against the accused in the demanding state'.: Commonwealth ex rel. Flower v. Superintendent of Philadelphia County Prison, 220 Pa. 401, 404, 69 A. 916 [21 L.R.A., NS 939].

"The relator has offered no evidence to controvert the fact that the Governor of Pennsylvania had before him the original requisition or that it and its supporting papers were proper and sufficient for the issuance of his warrant. The extradition warrant is prima facie evidence of the existence of every fact which the executive authority was obliged to determine before issuing it: [Citing cases]. The burden was upon relator to come forward with evidence to overcome the prima facie case of validity of the warrant upon its introduction. This he failed to do. . . .

"Nor are we satisfied that the requisition and supporting papers failed to allege that relator was in Virginia at the time of the alleged crime. The requisition alleged that he stands charged with breaking and entering, certified that this is a crime in Virginia, 'committed in the County of Arlington in . . . [Virginia],' and that relator fled from 'the justice' of Virginia. The copy of the indictment found, referred to and annexed to the requisition, charged that relator 'did, while in said county [Arlington County, Virginia] . . . feloniously break and enter.' There can be no doubt that these averments charge that relator committed a crime, that he was present in Virginia at the time of its commission, and that he fled therefrom. Although not in the words of the Act, we cannot but hold that the averments are a substantial compliance with its provisions and sufficient upon which to base the warrant." (Italics supplied.)

The case at bar is even stronger. Not only does the indictment say "then and there with force and arms feloniously and forcibly did commit burglary by breaking and entering a certain house of Herman D. McDaniel . . ." but the appellant does not deny that he is the Clifton Eugene Crist who admitted doing it and who was sentenced.

The proceedings will be upheld if the allegations substantially support the charge. *Taylor*, supra, pages

185-186: "No technical or formal objections to the proceedings, such as have been presented here, should be allowed to prevail. To require that the allegations be in the specific words of the Act would be unduly strict; and if the meaning of the allegations made, reasonably and substantially amount to the charge required, the proceedings will be upheld."

Where there has been a plea of guilty (thus waiving the defect of a lack of a specific date in the indictment) and the imposition of a three year sentence, and where all relevant data is presented in the requisition and accompanying papers, "the meaning of the allegations made, reasonably and substantially amount to the charge required."

2. Appellant argues further that Section 5 of the Uniform Criminal Extradition Act, 19 PS §191.5, providing that there may be extradition in the manner provided in §23, if such person left the demanding state involuntarily, will not permit his extradition.

The appellant asserts that he does not come under §23 (II) dealing with persons "convicted of a crime" because it requires the requisition to state "the circumstances of his escape from confinement or of the breach of the terms of his bail, probation or parole."

There was no such statement, nor could there be, for he had not yet begun serving his sentence of three years. In *Commonwealth ex rel. Huey v. Dye*, 373 Pa. 508, 510 (1953), 96 A. 2d 129, it is said: "Relator does not contend that his sentence was invalid. In order to establish the fact that he was not a fugitive as stated in the requisition, the burden was on him to prove (1) that his sentence had been served; or (2) that he had been pardoned or paroled; or (3) a judicial order requiring his release from . . . prison."

In that case the legal officer for the demanding state certified in the requisition papers that Huey was an escapee. In the instant case the papers show that

the sentence imposed had not been served because Crist was serving time at Leavenworth and sent to Pittsburgh for trial.

Appellant argues that under §23 a man who has been properly convicted and lawfully removed to another jurisdiction prior to his beginning to serve that sentence cannot be extradited because the demanding state cannot allege an escape, or violation of bail, parole or probation.

What the appellant is urging is that returning to Pennsylvania for trial, after serving his sentence at Leavenworth, insulates him from extradition to Tennessee to serve the three year burglary sentence because he is not an escapee.

The Legislature in the Uniform Criminal Extradition Act did not include the situation where a man has finished serving a sentence in one jurisdiction to which he was "involuntarily" removed and who has a sentence imposed in another jurisdiction which he must serve, for the obvious reason that his being sent back has been agreed to between the states. Section 23 (II) applies to a convict who "has escaped from confinement". This section was never intended by the Legislature to prevent the extradition of persons convicted of crime in several jurisdictions.

The order of the court below denying the petition for a writ of habeas corpus is affirmed.