Commonwealth ex rel. Coades, Appellant, *v.* Gable.

Argued January 12, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*W. Donald Sparks,* for appellants.

*Anna Iwachiw Vadino,* Assistant District Attorney, with her *Ralph B. D'Iorio,* Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE POMEROY, April 22, 1970:

Appellants, John Coades, Jr. and Allen Coades, filed separate petitions for writs of habeas corpus in the Court of Common Pleas of Delaware County pursuant to the provisions of §10 of the Uniform Criminal Extradition Act, Act of July 8, 1941, P. L. 288, §10, 19 P.S. §191.10 ("the Act") to test the legality of their detention in Pennsylvania and their extradition to the State of Delaware where they had been indicted for second degree murder. A hearing was held after which the court dismissed the petitions and ordered that appellants be delivered for extradition.[1] These appeals followed.

We have held that extradition under the Act will be ordered if, "(1) the subject of the extradition is charged with a crime in the demanding state; (2) the subject of extradition is a fugitive from the demanding state; (3) the subject of the extradition was present in the demanding state at the time of the commission of the crime; and (4) the requisition papers are in order." *Commonwealth ex rel. Raucci v. Price,* 409 Pa. 90, 95, 185 A. 2d 523 (1962); *Commonwealth ex rel. Flood v. Pizzo,* 434 Pa. 208, 252 A. 2d 656 (1969);

---

[1] Appellant Allen Coades had previously been convicted in the Criminal Court of Delaware County on charges arising out of an alleged riot in the City of Chester. At the time of the order below a motion for new trial in that case was pending. The court, therefore, ordered appellant Allen Coades delivered for extradition to the State of Delaware only after action by the Governor of Pennsylvania upon the recommendation of the court to the Governor that Allen Coades be retained in Pennsylvania until final disposition of the Pennsylvania conviction. 19 P.S. §191.19.

*Commonwealth ex rel. Edgar v. Davis,* 425 Pa. 133, 135, 228 A. 2d 742 (1967).

Underlying the rendition of the subject from Pennsylvania to the demanding state, however, is the presupposition that he is indeed the person charged in that state. Thus we have held that, "[i]n every extradition proceeding, the relator has an absolute right to require that his identity as the person named in the extradition be established and proved by the weight of credible evidence." *Commonwealth ex rel. Edgar v. Davis, supra.*

Appellants' only contention on these appeals, as expressed in their joint brief, is addressed to the identification question. Specifically, they contend that the court below erred in dismissing their petitions because there was not sufficient credible testimony "to identify either of the Coades boys as being the perpetrator of the alleged crime." This contention, however, even if true, is irrelevant at this stage. The court below was not concerned with identifying the perpetrator of the crime, but only with identifying the petitioners as being the persons named in the extradition papers as charged with the crime. Section 20 of the Act makes this clear. It provides: "The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into . . . in any proceeding after the demand for extradition accompanied by a charge of crime in legal form . . . shall have been presented to the Governor, *except as it may be involved in identifying the person held as the person charged with the crime."* (Emphasis added.) Our Court has said that this section "simply requires the identification before the court of the asylum state of the person charged in the foreign indictment or named in the information." *Commonwealth ex rel. Raucci v. Price, supra,* at p. 97. The evidence required on the question of identity need not establish that the person before the court is the "per-

petrator of the alleged crime"; it need only establish that the person before the court is the person indicted for the crime.

The identification requirement of Section 20 of the Act was fully satisfied in this case. At no time did appellants allege that they were not the persons named in the Delaware indictments. Indeed, there was positive evidence that they were the persons named. One of the Delaware police officers, who had been present at the magistrate's preliminary hearing on the arrest of appellants, testified at the hearing below that the magistrate had identified appellants as John and Allen Coades; and the wife of the Delaware victim appeared at the hearing below and identified appellants as having been present at the murder of her husband in Delaware. This testimony was apparently considered credible by the court below, and it not only established that appellants were the persons charged with the crime but also that they had been present in Delaware at the time of the crime.

No challenge has been directed to the propriety of the requisition papers, and they appear to comply with the requirements of the Extradition Act. The other three requirements under the Act were satisfied by the evidence presented below. The court, therefore, did not err in ordering the extradition of appellants.

Orders affirmed.