Commonwealth ex rel. Lattimore, Appellant,
*v.* Gedney.

Submitted September 12, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Albert J. Snite, Jr.,* and *John W. Packel,* Assistant Defenders, and *Benjamin Lerner,* Defender, for appellant.

*Howell K. Rosenberg, James A. Shellenberger,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., April 22, 1976:

Appellant William K. Lattimore brings this appeal from denial of his petition for a Writ of Habeas Corpus and from the granting of an order of extradition.

The relevant facts are as follows: Appellant was arrested in Philadelphia on January 30, 1974 and charged with burglary, theft and receiving stolen property. While appellant was incarcerated on the aforementioned local charges an arrest warrant charging appellant with being a fugitive from Tennessee was lodged as a detainer against him. On April 1, 1974

appellant entered a plea of guilty to theft by receiving stolen property and the other local charges were nolle prossed. A preliminary arraignment was held at the same time on the fugitive charge, bail was set at $1,000.00 and a hearing was set for May 1, 1974.[1] On May 1, 1974 the governor's warrants and accompanying extradition documents had not yet arrived, and the matter was continued.

On May 30, 1974 the governor's warrants arrived, along with other extradition documents. Appellant then requested and was granted leave to file a Petition for Writ of Habeas Corpus. The petition was filed June 10, 1974. Appellant claimed therein, *inter alia*, that his detention was illegal because the Commonwealth had not proven: that he was in Tennessee, the demanding state, at the time of the commission of the crime charged; that he was charged with a crime in Tennessee; that he was a fugitive from Tennessee; and that requisition papers had been issued, were in order and were properly lodged and served within ninety days of his arrest as a fugitive.

Appellant did not appear for the June 25, 1974 hearing on his habeas corpus petition and a bench warrant was thereafter issued for his arrest. On December 21, 1974 he was again arrested on local charges in Philadelphia, at which time he used the name James Harris. In January, 1975, it was discovered that appellant and "James Harris" were the same person. A bench warrant hearing was thereafter held, on January 13, 1975, and additional bail of $3,500.00 was set. On February 21, 1975 a petition to dismiss was filed, which petition was argued before Judge DOTY and denied on the same date. In his petition to dismiss appellant alleged for the first time that his rights under Section 15 of the

---

1. The hearing was apparently scheduled pursuant to §15 of the Uniform Criminal Extradition Act, Act of July 8, 1941, P.L. 288, §15, 19 P.S. §191.15 (1962). Appellant was released on bail on April 10, 1974.

Uniform Criminal Extradition Act, Act of July 8, 1941, P.L. 288, §15, 19 P.S. §191.15 (1962) were violated. He complained therein that Section 15 of the Extradition Act had been violated because he was not given an examination before a judge or magistrate to determine that he was the person charged with having committed the crime charged and to determine that he had fled from justice.[2]

Testimony was taken relative to both the petition to dismiss and to appellant's June 10, 1974 petition for writ of habeas corpus at the February 21, 1975 hearing. Appellant there testified that no evidence had been presented to indicate that he was the person wanted in Tennessee at any of the prior hearings. The Commonwealth introduced the testimony of Detective Magen, Philadelphia Police Department, and of Detective Coleman, Knoxville, Tennessee Police Department, at the hearing. Detective Magen testified, erroneously, that the fugitive warrant had been lodged on April 1, 1974.[3]

---

2. Appellant did not claim, as he does here, that his rights under Sections 15 and 17 of the Uniform Criminal Extradition Act were violated by his detention pursuant to the fugitive warrant from January 31, 1974 until April 1, 1974 without a timely hearing as required by 19 P.S. §§191.15 and 191.17. *See Commonwealth ex rel. Knowles v. Lester*, 456 Pa. 423, 321 A.2d 637 (1974). Rather he complained, as is further discussed infra, that Section 15 requires a preliminary determination that an accused is the person charged and that he was not so identified. Appellant's petition to dismiss also claimed that his arrest in Philadelphia was without probable cause, that the complaint against him did not contain probable cause and that the date of the hearing in his case violated Pa.R.Crim.P. 1100. As will appear, infra, appellant has abandoned some of those issues on this appeal.

3. Detective Magen mixed up the occurrences of late 1974 and early 1975 with those of early 1974. He testified that when appellant was held on January 30, 1974 he gave the name James Harris and that it was not until April 1, 1974 that it was learned that James Harris was William K. Lattimore. In fact, appellant gave his proper name on January 30, 1974 and the fugitive warrant was lodged the next day. It was at appellant's December 21, 1974 arrest that the alias was given.

Detective Coleman identified appellant as the person demanded in the Governor's Warrants and extradition documents. The extradition papers were also introduced into evidence.

On May 12, 1975 Judge DOTY denied the Petition for Writ of Habeas Corpus and ordered appellant extradited. Appeal was then taken to this Court. Appellant thereafter petitioned for Remission of the Record for the purpose of showing that the fugitive detainer was lodged on January 31, 1974, and not April 1, 1974, as testified to by Detective Magen. The petition for remission of the record was denied on October 3, 1975.

Appellant raises four issues here, none of which, in our opinion, entitle him to the relief sought. We therefore affirm the ruling of the court below, for the reasons that follow.

Appellant's first contention is that his habeas corpus petition should have been granted because no hearing was held between January 31, 1974 and April 1, 1974 and because he was not given a "thirty-day hearing," pursuant to Section 15 of the Uniform Criminal Extradition Act, 19 P.S. §191.15, until May 1, 1974. Additionally, he claims he is entitled to discharge because the Governor's Warrants were not produced until more than 90 days after his "arrest" under the Act. *See Commonwealth ex rel. Knowles v. Lester*, supra, note 2.

The Commonwealth argues and appellant concedes that this basis for relief was not argued below. For that reason we may not consider this contention here. *See, e.g., Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974). However, appellant argues that we should consider this issue, even though not raised below, because

The Commonwealth concedes that Detective Magen's recollection was incorrect and admits that the fugitive warrant was lodged on January 31, 1974.

he was misled by Detective Magen's erroneous testimony concerning the date the fugitive warrant was lodged. We cannot accept this contention. The record discloses that Detective Magen's error was easily discoverable on the face thereof. Moreover, Detective Magen's erroneous testimony had not even been given nor had the occurrences he later confused happened at the time the habeas corpus petition was filed. If appellant suffered from any misapprehension concerning the facts it could have only resulted from his own failure to review the face of the documents of record.

Appellant further claims that his arrest under Section 13[4] of the Uniform Criminal Extradition Act was unconstitutional, "... in that Section 13, which requires that a credible person appear before a magistrate and (upon oath) charge the accused with having committed a crime in another state and with having fled from that state, *does not* require the credible person to supply the magistrate with the *basis* upon which he makes his allegations; and, in fact, the basis is *not* contained in the warrant or complaint." Appellant's Brief at 14. The first aspect of this two pronged attack, dealing with the constitutionality of the statute, was neither raised nor argued below. That issue is therefore not preserved for review here. *Commonwealth v. Clair*, supra; *Commonwealth v. Reid*, supra.

The second aspect of this claim, as we understand it, is that the complaint charging appellant with being a

---

4. The Act of July 8, 1941, P.L. 288, §13, 19 P.S. §191.13 (1962) provides, *inter alia*, that:

"[w]henever any person within this State shall be charged on the oath of any credible person before any judge or magistrate of this State with the commission of any crime in any other state, and ... with having fled from justice ... the judge or magistrate shall issue a warrant directed to any peace officer commanding him to apprehend the person named therein ... and to bring him before the same or any other judge, magistrate or court ... to answer the charge or complaint ...."

person who had committed a crime in another state was issued without probable cause. Although this claim was specifically raised below, it is raised here only as a part of appellant's argument that Section 13 of the Extradition Act is unconstitutional. Assuming the validity of Section 13, as we must, we find no merit in this contention.

"There is, of course, no doubt that the issuing authority must have probable cause to believe a suspect guilty of a crime charged against him before issuing a warrant for his arrest." *Commonwealth v. Krall*, 452 Pa. 215, 218, 304 A.2d 488, 489 (1973). It is equally clear, however, that, under the Uniform Criminal Extradition Act an accused person is imprisoned by reason of the offenses charged in the demanding state. *See Commonwealth ex rel. Bleecher v. Rundle*, 207 Pa. Superior Ct. 443, 217 A.2d 772 (1966). We have recently held that probable cause for arrest in the demanding state need not be demonstrated in the asylum state before extradition may be granted. *Commonwealth ex rel. Marshall v. Gedney*, 237 Pa. Superior Ct. 372, 352 A.2d 528 (1975) and that the papers accompanying the Governor's Warrant need not show probable cause to arrest. It therefore follows that since the crime charged is that committed in the demanding state and probable cause for arrest there need not be shown in the asylum state, there is no requirement that the magistrate who issues a warrant for arrest under Section 13, in the asylum state, do so only after determining that there is probable cause for arrest in the demanding state. To otherwise hold would be to impose a requirement upon preliminary detention under the Uniform Criminal Extradition Act which is unrequired for ultimate disposition thereunder. *See Id., see also Commonwealth ex rel. Ebbole v. Robinson*, 223 Pa. Superior Ct. 119, 299 A.2d 47 (1972). As this Court has observed in *Commonwealth ex rel. Marshall v. Gedney*, supra, the extradition statutes have as their purpose expeditious and summary executive procedures

for returning fugitives to the demanding state, and the relator has every opportunity to assert his rights under the fourth and fourteenth amendments in the demanding state.

Even were we to assume, *arguendo*, that the initial arrest here was defective, it would not necessarily follow that the defect voided the subsequent proceedings which here included disposition of appellant's case through production of a new complaint in the form of a governor's warrant and through a hearing on extradition. *See Commonwealth v. Krall*, supra at 221, 304 A.2d at 491. *See also* Pa.R.Crim.P. 150.

Appellant also contends that the extradition papers were not in order because the date of the alleged crime committed in Tennessee was not specific. The certified copy of the indictment contained in the documents alleges that the crime was committed on the ——— day of February, 1972. The request for rendition, which was notarized, was signed by the District Attorney of Knox County, Tennessee. It specifically set forth February 28, 1972 as the date of the alleged crime in the demanding state. However, a summary of facts presented in the same document recited that Detective Coleman would testify that the event took place on February 28, *1974*.

Appellant has cited *Commonwealth ex rel. Crist v. Price*, 405 Pa. 384, 175 A.2d 852 (1961) in support of his claim that the papers do not establish that appellant was present in the demanding state, Tennessee, at the time of the crime as required by Section 3, of the Uniform Criminal Extradition Act, 19 P.S. §191.3. In *Crist*, the papers did not allege a specific date but included an indictment that the crime was committed on the ——— day of August, 1958. Appellant there alleged, as does appellant Lattimore here, that the papers did not contain an allegation that the accused was present in the demanding state at the time of the crime. Our Supreme Court observed in *Crist* that appellant's claim ignored the fact that the papers included a certified record of

sentence which showed that he had pleaded guilty in the demanding state, thereby admitting his presence there. The Court concluded, quoting extensively from *Commonwealth ex rel. Taylor v. Superintendent, Philadelphia County Prison*, 382 Pa. 181, 114 A.2d 343 (1955), that the proceedings will be upheld if the allegations substantially support the charge. *Commonwealth ex rel. Crist v. Price*, supra at 388, 175 A.2d at 855. The Court also observed that, as in *Taylor*, the appellant in *Crist* did not offer evidence to overcome the prima facie validity which is accorded to the extradition warrant. *Id.* The defect in *Crist* was held not fatal since the allegations substantially supported the charge.

The facts of the present case are dissimilar from those found in *Commonwealth ex rel. Thomas v. Superintendent, Philadelphia County Prison*, 372 Pa. 595, 94 A.2d 732 (1953), which is also cited by appellant in support of his claim. In that case there was *no* allegation that the accused was in the demanding state at the time of commission of the crime and that defect was held fatal. As was the case in *Commonwealth ex rel. Crist v. Price*, supra, we here *have* an allegation, albeit an inspecific one. We will therefore apply the rule of *Crist* and must determine if the allegations substantially support the charge.

Reading the documents together, we note that the request for rendition contained the date the crime was alleged to have been committed, February 28, 1972. This document, the demand under Section 3 of the Uniform Criminal Extradition Act, 19 P.S. §191.3, was the document which was required to contain the disputed statement.[5] We further note that it was this request

5. Section 3 of the Uniform Criminal Extradition Act, Act of July 8, 1941. P.L. 288, §3, 19 P.S. §191.3 (1964) contains no requirement that the accompanying *indictment, information* or *affidavit* contain an allegation that the accused was present in the demanding state at the time of the commission of the alleged crime. It requires that the *demand* must contain such an allegation. *See* 19 P.S. §191.3 (1964).

which contained the aforementioned inconsistency, stating that Detective Coleman would testify that the event took place on February 28, *1974*. Since *the indictment* contained the proper year and Detective Coleman testified at the habeas corpus hearing that the 1972 date *was* correct, and, since it was apparent from the record that the detainer was lodged in January of 1974, *before* the February 1974 date which was erroneously indicated, the total effect of the documents was to substantially support the charge. Moreover, the Commonwealth introduced sufficient evidence at the habeas corpus hearing to show appellant's presence in the demanding state at the time of the alleged crime. *See, Commonwealth v. Murphy*, 236 Pa. Superior Ct. 37, 344 A.2d 662 (1975).

Appellant also contends that the papers did not comply with Section 3 of the Extradition Act because the documents did not allege that appellant had escaped confinement or broken the terms of bail, probation or parole. We find appellant's interpretation of 19 P.S. §191.3 on this point to be erroneous. The aforementioned statement must accompany a copy of the judgment of conviction or of a sentence imposed in execution thereof where that document constitutes the accompanying paper. The accompanying document involved here was a copy of the indictment and a reasonable reading of the statute reveals that no such statement is required where the demand is accompanied by a copy of an indictment found.

Finally, appellant maintains that he should be discharged because he was never identified as the person charged, during the preliminary proceedings. In making this argument appellant relies on the first few lines of Section 15 of the Extradition Act. That section provides, *inter alia*, that the judge or magistrate may commit a person held under Section 13 or 14 to await governor's warrants "[i]f from the examination before the judge or magistrate it appears that the person held is the person

charged with having committed the crime alleged ....”
Act of July 8, 1941, P.L. 288, §15, 19 P.S. §191.15 (1964).

It is axiomatic that the Commonwealth must prove, before extradition will be granted, that the person being extradited is the person demanded. *Commonwealth ex rel. Coades v. Gable*, 437 Pa. 553, 264 A.2d 716 (1970); *Commonwealth ex rel. Colcough v. Aytch*, 227 Pa. Superior Ct. 527, 323 A.2d 359, *allocatur refused*, 227 Pa. Superior Ct. *xxvi* (1974). Indeed, Section 20 of the Extradition Act, 19 P.S. §191.20, specifically requires identification before the court of the asylum state of the person charged in the foreign indictment. *Commonwealth ex rel. Raucci v. Price*, 409 Pa. 90, 185 A.2d 523 (1962).

In the case at bar there is no question that appellant was identified at the extradition hearing prior to the order of extradition. Appellant does not contest that point. Rather, he contends that the preliminary proceedings were defective because he was not given an examination therein to determine if it appeared that he was the person charged. He asserts that *nothing* was done at his preliminary arraignment on the fugitive charge on April 1, 1974 to determine whether he was the person charged. We have reviewed the record and conclude that this contention is also without merit.

Initially, we note that appellant never alleged that he was not the person charged in Tennessee, *see Commonwealth ex rel. Coades v. Gable*, supra; *see also Commonwealth ex rel. Colcough v. Aytch*, supa, and that he did not raise the instant claim until the date of his extradition hearing, February 21, 1975. Additionally, we observe that the language of Section 15 only requires that it *appear* that the accused is the person charged in order for him to be committed to await governor's warrants. By contrast, before extradition may be actually ordered, the Commonwealth, as previously noted, must prove he is the person demanded. *Commonwealth ex rel. Coades v. Gable*, supra.

Our review of the facts convinces us that it clearly

*appeared* that appellant was the person charged. The fugitive complaint and warrant alleged that William Keith Lattimore was charged with a crime in Tennessee. Appellant gave the name William Lattimore on his arrest of January 30, 1974 on local Philadelphia charges, remaining incarcerated under that name until the date of the arraignment on the fugitive charges under the same name. On the same date appellant *pleaded guilty to the local charges, under that name,* thereby admitting he was William K. Lattimore. He thereafter obtained counsel, posted bail and returned for a hearing on May 1, 1974 under the same name. We will not hold on these facts that it did not appear that appellant was the person charged where no facts appear indicating support of a contrary conclusion and where appellant voiced no objection. While the preliminary identification was clearly insufficient to support extradition, *Commonwealth ex rel. Coades v. Gable,* supra, it was sufficient to justify commitment to await proof that extradition was warranted.

Order affirmed.

CONCURRING OPINION BY SPAETH, J.:

I join the majority in all respects save one: the discussion whether the magistrate who issues a warrant for arrest in the asylum state under section 13 of the Uniform Criminal Extradition Act[1] must first determine that there is probable cause for arrest in the demanding state.

In stating that the magistrate in the asylum state need not make a finding of probable cause, the majority relies on *Commonwealth ex rel. Marshall v. Gedney,* 237 Pa. Superior Ct. 372, 352 A.2d 528 (1975). However, for the reasons discussed in my dissenting opinion in that case, it is my view that when a request for extradition is

---

1. Act of July 8, 1941, P.L. 288, §13, 19 P.S. §191.13 (1962).

based on affidavits sworn to before a magistrate in another state, the affidavits must be sufficient to support a finding of probable cause.

This case presents a different situation, since here we are dealing with the complaint for preliminary detention in the asylum state rather than with the documents for extradition. I do not think this issue should be decided, however, since it was raised only as part of appellant's argument that the statute was unconstitutional, and that argument (as the majority observes) was not preserved for review.

HOFFMAN, J., joins in this opinion.