372 A.2d 861

**COMMONWEALTH of Pennsylvania ex rel. Herman SIMPSON, Appellant,**

**v.**

**Louis AYTCH, Superintendent of Philadelphia Prisons.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided April 19, 1977.

350

Jonathan W. Miller, Assistant Public Defender, Philadelphia, for appellant.

Deborah E. Glass and Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

Appellant was charged with murder in North Carolina and was arrested in Philadelphia, Pennsylvania. Extradition proceedings were held, and appellant filed a petition for a writ of habeas corpus challenging his extradition to North Carolina. After a hearing before Judge Doty, the petition was denied.

Extradition should be ordered if: (1) the extradition papers are in order; (2) the subject of the extradition is charged with a crime in the demanding state; (3) the subject is a fugitive from the demanding state; and (4) the subject was in the demanding state at the time that the crime was committed. *Commonwealth ex rel. Banks v. Hendrick*, 430 Pa. 575, 243 A.2d 438 (1968). The court below found that all of the requirements for extradition were met and we affirm.

An indictment did not accompany the warrants of extradition, and the arrest warrant was issued about two weeks prior to the date when the affidavit was sworn to before a magistrate. The Uniform Criminal Extradition Act, 19 P.S. § 191.3 requires that the demand for extradition must be

"accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon  .  .  . "

■ Although the warrant in this case was issued prior to the affidavit taken before the magistrate, there was sufficient compliance with § 191.3 of the Uniform Criminal Extradition Act. *See Commonwealth ex rel. Hernandez v. Price*, 385 Pa. 44, 122 A.2d 206 (1956). While it is preferable that the affidavit be filed prior to the issuance of the warrant, failure to do so is not fatal to the extradition proceedings.

■ Appellant contends that the documents requesting his extradition are legally insufficient as his arrest on the governor's warrant was not supported by probable cause. However, probable cause for arrest in the demanding state need not be demonstrated in the asylum state before extradition may be granted and the papers accompanying the governor's warrant need not show probable cause for arrest. *Commonwealth ex rel. Lattimore v. Gedney*, 240 Pa.Super. 226, 233, 363 A.2d 786 (1976). Nevertheless, in the circumstances of this case, we find that there was probable cause for the defendant's arrest in Pennsylvania. The record established that a murder occurred in Fayetteville, North Carolina, on March 21, 1976. On the date of the homicide, a call was placed from the decedent's residence at 8:12 a. m. to a telephone number in Philadelphia, Pennsylvania. The Philadelphia police were requested by North Carolina authorities to assist them in running down the phone number and to interview the person having the phone number in Philadelphia to ascertain what he or she knew about the call. The Philadelphia phone number was traced to a residence in Philadelphia, and Philadelphia detectives went to the address listed for the number. One of the residents, a Mrs. Smith, told the police that Herman Simpson (the appellant) had telephoned her daughter on the date in question at about 9 a. m. and had talked to her for quite a period of

time. On the basis of this information, Philadelphia police arrested the appellant, and we believe the arrest was based on probable cause.

Appellant further contends that appellant's arrest on the governor's warrant was in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution since probable cause was not shown. This argument is also without merit. As noted by JACOBS, J., in *Gedney,* supra, 240 Pa.Super. at pages 233–234, 363 A.2d at page 790, "the extradition statutes have as their purpose expeditious and summary executive procedures for returning fugitives to the demanding state, and the relator has every opportunity to assert his rights under the fourth and fourteenth amendments in the demanding state."

A governor's extradition warrant is prima facie evidence that all legal requirements have been met. *Commonwealth ex rel. Raucci v. Price,* 409 Pa. 90, 185 A.2d 523 (1962). The fact that the affidavit in this case was made and sworn to before a magistrate on April 23, 1976, and the warrant was sworn to before a magistrate on April 10, 1976, thirteen days before the affidavit, does not require us to find that the papers are not in order. The law does not require such a highly technical reading of the Uniform Criminal Extradition Act.

Appellant also contends that the court below denied him the right to a complete hearing under the Uniform Criminal Extradition Act. Under the Act, 19 P.S. § 191.15, if it appears that the person held is the person charged, he may be committed for such time, not exceeding 30 days, as will enable the arrest of the accused to be made under a warrant of the governor. The appellant was initially arrested on April 12, 1976, the hearing called for under § 15 of the Act was commenced on May 3, 1976, and continued to May 5, 1976, and then to May 14, 1976. The hearing was discontinued when the governor's warrants were lodged against the appellant on May 18, 1976. We find that the hearing

afforded the appellant was in substantial compliance with the Uniform Criminal Extradition Act.

Order affirmed.

HOFFMAN, J., files a dissenting opinion.

SPAETH, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

I dissent because the warrant was improperly issued before the submission of an affidavit to the magistrate. This procedure violates The Act of July 8, 1941, P.L. 288, § 3; 19 P.S. § 191.3.

SPAETH, Judge, dissenting:

For the reasons discussed in my dissenting opinion in *Commonwealth ex rel. Marshall v. Gedney*, 237 Pa.Super. 372, 380, 352 A.2d 528, 531 (1975) (allocatur granted, January 31, 1977), it is my opinion that when a request for extradition is based on affidavits sworn to before a magistrate in another state, the affidavits must be sufficient to support a finding of probable cause.

The majority says, however, that "[n]evertheless, in the circumstances of this case, we find that there was probable cause . . . ." Majority Opinion 247 Pa.Super. at 351, 372 A.2d at 862. I submit that the majority's own ensuing recitation demonstrates that there was not probable cause. All we are told is that "a Mrs. Smith" "told the police that [appellant] had telephoned her daughter . . . and had talked to her for quite a period of time." What, one is bound to ask, did Mrs. Smith say her daughter said? And, whatever Mrs. Smith said, why believe her? Put the majority's recitation in an affidavit for a search warrant, and a motion to suppress, filed on the ground that the warrant had not been issued on probable cause, would be granted. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas*, 378 U.S. 108 (1964).

Finally, the majority says:

A governor's extradition warrant is prima facie evidence that all legal requirements have been met. . . . The

fact that the affidavit in this case was made and sworn to before a magistrate on April 23, 1976, and the warrant was sworn to before a magistrate on April 10, 1976, thirteen days before the affidavit, does not require us to find that the papers are not in order. The law does not require such a highly technical reading of the Uniform Criminal Extradition Act.

Majority Opinion 247 Pa.Super. at 352, 372 A.2d at 862–863. The Act requires "a copy of an affidavit made before a magistrate . . . together with a copy of any warrant issued thereupon . . . ." 19 P.S. § 191.3 "[T]hereupon" means nothing unless it means that the warrant was issued on the *strength* of the affidavit, *i. e., after* the affidavit. Here, as the majority acknowledges, the warrant was issued *before* the affidavit. There is nothing "highly technical" about this; it is the only possible way to read the Act. For the majority to say that it is "not require[d] to find that the papers are not in order" is equivalent to saying that it is not required to enforce the Act.

I would reverse.