Commonwealth ex rel. Reis, Appellant, *v.* Aytch.

Argued June 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Robert F. Simone,* with him *James T. Vernile,* for appellant.

*James Shellenberger,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney,

*Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., September 19, 1973:

This is an appeal by the defendant-appellant, Lillian Reis, from an order of extradition and the denial of a writ of habeas corpus in the Court of Common Pleas of Philadelphia County, Criminal-Trial Division.

On August 21, 1972, appellant was arrested in Philadelphia and charged with being a fugitive from the State of Florida. On November 2, 1972, the Commonwealth formally arrested the appellant on Governor's Warrants from both Florida and Pennsylvania. The appellant was then granted a continuance to contest the extradition by writ of habeas corpus.

On January 10, 1973, a hearing was held on the petition before the Honorable Ethan Allen DOTY. Both Pennsylvania and Florida Warrants were admitted into evidence together with certified and authenticated copies of the information filed against the appellant in Dade County, Florida, and the judgment of sentence of the said Court by which the appellant was adjudged guilty of the charges stated in the information and the sentence to two years in prison.

The Governor's Warrants and accompanying papers also stated that appellant had been charged and was convicted of a crime in Florida, thereafter fled from that State and came into Pennsylvania, and that appellant had been present in the State of Florida at the time of the commission of the crime of which she was convicted.

Appellant complains of several procedural and substantial violations of Pennsylvania and Federal law relating to extradition. However, no facts were asserted to substantiate the allegations complained about. The

appellant also claims several violations of her constitutional rights during the Florida court proceedings. But we are here concerned only with Pennsylvania extradition law and whether its requirements have been met by the Commonwealth. The guilt or innocence of an accused is not determined at an extradition hearing. *Commonwealth ex rel. Coades v. Gable*, 437 Pa. 553, 264 A. 2d 716 (1970).

Extradition proceedings in Pennsylvania are governed by the Uniform Criminal Extradition Act, 1941, July 8, P. L. 288, Para. 1 et seq., 19 P.S. 191.1 et seq. It is clear that extradition will be ordered if: (1) It is clear that the subject of extradition is charged with a crime in the demanding State; (2) that subject of extradition was present in the demanding State when the crime was committed; (3) the subject of extradition is a fugitive from the demanding State; (4) the requisition papers are in order. *Commonwealth ex rel. Edgar v. Davis*, 425 Pa. 133, 228 A. 2d 742 (1967).

The appellant contends that the Commonwealth has failed to prove her presence in Florida when the criminal activity of which she was convicted occurred. However, the Governor's Warrants and accompanying papers asserted that the appellant was in Florida at the time and a police officer testified that she was identified at trial in his presence by a pharmacist from whom he alleged she purchased drugs under a false name. The appellant presented no evidence to show that she was not in Florida at the time of the occurrence. In *Commonwealth ex rel. Edgar v. Davis*, supra, the court held allegations contained in the requisition for extradition and the accompanying affidavits must be accepted as prima facie true. The court determined in that case that since the papers did aver that the relator was present in the demanding state when the alleged crime took place and since relator offered no evidence to re-

fute the allegation that it followed that there was no merit in relator's contention that the Commonwealth had not shown he was present when the crime occurred. Likewise in the instant case, the Governor's Warrants and accompanying papers assert that appellant was present and no evidence to refute the allegation was offered.

In *Commonwealth ex rel. Coades v. Gable,* supra, it was held that the testimony of a Delaware police officer that he had been present at the Magistrate's preliminary hearing on the arrest of the defendants, that the defendants were the same persons named in the extradition papers and that the wife of the murder victim appeared and identified the defendants as having been present at the murder of her husband in Delaware was sufficient to establish that they had been present in Delaware at the time of the crime for which extradition was sought.

In the instant case, a police officer identified the appellant as the one who was convicted in Florida and that at trial he heard her identified by a druggist as the one to whom at the time alleged he sold drugs under a fictitious name.

The order of the court below is affirmed.