449 A.2d 753

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph INADI, Appellant.**

Superior Court of Pennsylvania.

Argued June 9, 1982.

Filed Aug. 27, 1982.

Holly Maguigan, Philadelphia, for appellant.

Edward J. Cameron, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and WATKINS, JJ.

PER CURIAM:

This case involves an expedited appeal from an order of extradition entered by the court below. This court stayed extradition pending disposition of the appeal on the merits.

In 1980 an indictment was returned in Cape May County, New Jersey, charging the appellant with conspiracy in connection with illegal drug activities. In November, 1981, the appellant was arrested by Philadelphia police on a fugitive warrant issued in Cape May County, New Jersey. On February 1, 1982, appellant was arrested on a formal extradition warrant issued by the governor of Pennsylvania to which was attached a governor's warrant and the extradition papers issued by the governor of New Jersey.

On June 1, 1982 a hearing was held in the court below on the appellant's petition for habeas corpus and on the petition for extradition. Following the hearing the court below entered an order of extradition, which we subsequently stayed. Oral argument was held in this court on June 9, 1982.

■ Extradition will be ordered if (1) the subject of the extradition is charged with a crime in the demanding state; (2) the subject of the extradition is a fugitive from the demanding state; (3) the subject of the extradition was in the demanding state at the time of the commission of the crime and (4) the requisition papers are in order. *Commonwealth v. Rowe,* 264 Pa.Super. 67, 398 A.2d 1060 (1979), *Commonwealth ex rel. Pizzo v. Aytch,* 273 Pa.Super. 55, 416 A.2d 1086 (1979).[1]

■ At the extradition hearing there was sufficient evidence to establish that the appellant was the individual named in the information in New Jersey. The governor's warrant contained a photograph of the individual indicted in

1. The Uniform Criminal Extradition Act, Act of July 9, 1976, P.L. 586, 42 Pa. C.S.A. § 9121 *et seq.* sets forth the procedure to be followed in extradition cases.

Cape May County and the court below examined the photograph and found it to be a picture of the appellant. Further, when the Philadelphia police asked appellant if he knew that New Jersey wanted him appellant responded "Now I do, yeah".

■ Appellant contends that there was not sufficient evidence to establish that he was in New Jersey at the time of the commission of the crime. We disagree. "The allegations of the requisition and the accompanying affidavit must be accepted as prima facie true." *In re Ripepi,* 427 Pa. 507, 511, 235 A.2d 141, 142 (1967). *See also Commonwealth ex rel. Pizzo v. Aytch, supra.* The governor's warrant in the instant case provides:

JOSEPH INADI used telephone (215) 757–1475 located at 3060 Bristol Road Long Meadow Apartment, Apt. 117, Cornwells Heights, Pennsylvania, and telephone (215) 335–9861 located at The Waiting Room Bar, Roosevelt Boulevard, Philadelphia, Pennsylvania to engage in conversations relating to the distribution and possession of controlled dangerous substances; possessed controlled dangerous substances; traveled to Cape May County regarding the manufacture and possession of controlled dangerous substances; and met with persons named above and not so named to accomplish the acts recited.

These papers aver that the appellant was in New Jersey when the alleged crime occurred and we are constrained to find that this is so since the appellant offered nothing to establish that he was not in New Jersey at the time of the crime. *Commonwealth ex rel. Reis v. Aytch,* 225 Pa.Super. 315, 310 A.2d 681 (1973).

■ Appellant contends that some of the evidence introduced at the extradition hearing was based on information obtained in a wiretap and that compliance with the Pennsylvania Wiretapping and Electronic Surveillance Act, Act of October 4, 1978, P.L. 831, No. 164, 18 Pa. C.S.A. § 5701 et

seq. was not established.[2] For extradition purposes the Commonwealth sufficiently established that the wiretaps were authorized in New Jersey. The affidavit in the governor's warrant states that the wiretap was authorized. Further, the proceedings in the demanding state are "clothed with the traditional presumption of regularity." *Michigan v. Doran,* 439 U.S. 282, 290, 99 S.Ct. 530, 536, 58 L.Ed.2d 521, 528 (1978). It must be remembered that extradition proceedings are summary in nature. *United States ex rel. Vitiello v. Flood,* 374 F.2d 554 (2d Cir. 1967). In extradition proceedings hearsay is admissible, as well as evidence secured in violation of the relator's constitutional rights or evidence otherwise illegally seized. *Commonwealth v. Rowe, supra.*

■ Appellant's reliance on *Commonwealth v. Bennett,* 245 Pa.Super. 457, 369 A.2d 493 (1976) to support his contention that the Commonwealth must prove full compliance with Pennsylvania's Wiretapping and Electronic Surveillance Act is not justified. The *Bennett* case did not involve extradition proceedings. The issue was whether information based on wiretaps in a foreign jurisdiction may be used to support a search warrant in Pennsylvania. The court concluded that the use in Pennsylvania of information secured through a valid, properly authorized wiretap in a foreign jurisdiction is not in contravention of the Pennsylvania anti-wiretapping statute. The *Bennett* case does not require that in an extradition proceeding involving information based on wiretaps that the Commonwealth must prove that all of the stringent safeguards in our anti-wiretap statute were complied with in New Jersey. To place this burden on

**2.** The Pennsylvania Wiretapping and Electronic Surveillance Act provides in 18 Pa. C.S.A. § 5717(c) as follows:

**(c) Otherwise authorized personnel.**—Any person who, by any means authorized by the laws of another state or the Federal Government, has obtained knowledge of the contents of any wire or oral communication, or evidence derived therefrom, may disclose such contents or evidence to an investigative or law enforcement officer and may disclose such contents or evidence where otherwise admissible while giving testimony under oath or affirmation in any proceeding in any court of this Commonwealth.

the Commonwealth would go far beyond what is required in extradition proceedings.

Finally, we conclude that the extradition papers are in order and that all of the requirements for extradition have been met.

Order of extradition affirmed and order of the Superior Court staying extradition shall be forthwith vacated.