470 A.2d 1001

**COMMONWEALTH of Pennsylvania**

v.

**Clarence WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 12, 1983.

Filed Jan. 13, 1984.

Petition for Allowance of Appeal Denied April 16, 1984.

---

Douglas M. Johnson, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Com., appellee.

Before SPAETH, President Judge, and POPOVICH and HOFFMAN, JJ.

PER CURIAM:

This is an appeal from an order denying a petition for habeas corpus and directing appellant's extradition to the State of Maryland.

Appellant argues that the trial court erred in allowing hearsay statements to be admitted into evidence at his extradition hearing and that the Commonwealth failed to meet its burden of establishing the elements required for extradition.

Appellant was serving a sentence of 10 to 20 years at the State Correctional Institution at Graterford on a charge of rape. Because appellant had been indicted for rape, burglary and other offenses in Maryland, the State's Attorney for the City of Baltimore, Maryland, filed a request for temporary custody of appellant pursuant to the Interstate Agreement on Detainers (IAD), 42 Pa.C.S.A. Section 9101. Appellant then filed a petition for writ of habeas corpus, a hearing was held, and the trial court dismissed the petition.

■ Relying on *Adams v. Cuyler*, 592 F.2d 720 (3d Cir. 1979), *aff'd* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), the trial court held that the IAD reserved to the defendant the procedural protections of the Uniform Criminal Extradition Act, 42 Pa.C.S.A. Section 9121 et seq. In response to appellant's argument that it was error to admit hearsay statements into evidence the court relied on two Extradition Act cases, *Commonwealth v. Inadi*, 303 Pa.Superior Ct. 409, 449 A.2d 753 (1982), and *Commonwealth v. Rowe*, 264 Pa.Superior Ct. 67, 398 A.2d 1060 (1979), which have held that hearsay is admissible. On appeal appellant acknowledges *Inadi* and *Rowe* but argues without citation to any authority that in IAD proceedings the protection should be greater than in Extradition Act proceedings. We see no basis for this distinction.

■ Appellant's second argument is that the Commonwealth failed to establish all the elements required for extradition. Appellant argues that since the police officer's testimony at the extradition hearing was hearsay, it follows that the Commonwealth did not prove by competent evidence that appellant was a fugitive from Maryland or that appellant was present in the demanding state at the time of the commission of the crime. This argument is rejected for the reasons stated above. Appellant also argues that since the two Maryland witnesses had never met appellant their identifications of him could not be accepted by the lower court. At the habeas corpus hearing, a Maryland police officer testified that he had heard and observed the victim identify appellant in Maryland from a photo array. During

the same hearing the police officer identified appellant as the defendant against whom the Maryland warrant was directed and also picked out the picture of appellant previously identified by the Maryland victim. See N.T. 3/30/83 at 3–7. This evidence was sufficient to meet the preponderance of the evidence standard. *See Commonwealth v. Rowe, supra.*

The order of the trial court is affirmed.