530 A.2d 422

COMMONWEALTH of Pennsylvania

v.

Louie HEBERT, Appellant.

Superior Court of Pennsylvania.

Submitted June 8, 1987.

Filed July 16, 1987.

Reargument Denied Sept. 3, 1987.

500

[redacted]

Robert H. Isbell, Sharon, for appellant.

James P. Epstein, District Attorney, Sharon, for Com., appellee.

Before: CIRILLO, President Judge, and TAMILIA and WATKINS, JJ.

TAMILIA, Judge:

This case involves a timely appeal of an extradition Order entered on February 3, 1987, by the Court of Common Pleas of Mercer County, ordering that appellant, Louie Hebert, be extradited to the state of Florida to face charges of grand theft. The court stayed extradition pending disposition of the appeal on the merits.

Appellant claims the lower court erred in acting on the Governor's warrant without the Commonwealth first proving that the signature appearing on the warrant was in fact former Governor Richard Thornburgh's signature. Without citation to case law, appellant argues that "by implication or extrapolation", 42 Pa.C.S. § 9128 requires that some proof of the Governor's personal signing of the warrant is necessary.[1] Brief for Appellant at 7. We agree with the lower court that appellant's argument is meritless.

Section 9128 of Title 42 provides:

1. More specifically, appellant states he:
   [I]s contending that the document, on its face, does not show conclusively that it was signed by the Governor as required by statute, and that the Commonwealth must prove this and they must prove this by way of attaching a verification or an exemplification or an affidavit or some other document which authenticates the fact that the Governor has personally signed the warrant.
   Brief for Appellant at 11.

> If the Governor decides that the demand should be complied with he shall sign a warrant of arrest which shall be sealed with the State seal and be directed to any peace officer or other person whom he may think fit to entrust with the execution thereof. The warrant must substantially recite the facts necessary to the validity of its issuance.

This section only requires that the Governor "sign" the warrant and that the warrant be "sealed" with the State seal. These requirements were met. There is no requirement that the Governor's signature be authenticated. Further, no burden of proof can be implied upon the Commonwealth to authenticate or exemplify the signature beyond the affixing of the seal of Pennsylvania. Appellant presents no evidence to rebut the regularity of the warrant and, without more, cannot expect that the Commonwealth must verify or authenticate the warrant any further than that required by the statute.

■ Appellant's other claim is that there was insufficient identification of appellant as the perpetrator of the crime in Florida. As the Supreme Court held in *Commonwealth ex rel. Coades v. Gable*, 437 Pa. 553, 264 A.2d 716 (1970) (interpreting the former Uniform Criminal Extradiction Act, 19 P.S. § 191.10 *et seq.*, substantially reenacted in 42 Pa.C.S. § 9121 *et seq.*), such a contention is irrelevant at this stage of a case, since the lower court was not concerned with identifying the perpetrator of the crime, but only with identifying appellant as the person named in the extradition papers as charged with the crime. In such a case, the Commonwealth's burden is measured against the "preponderance of the evidence" standard. *Commonwealth v. Rowe*, 264 Pa.Super. 67, 398 A.2d 1060 (1979). In extradition proceedings, hearsay is admissible. *Commonwealth v. Williams*, 323 Pa.Super. 442, 470 A.2d 1001 (1984); *Commonwealth v. Inadi*, 303 Pa.Super. 409, 449 A.2d 753 (1982).

■ The Commonwealth's only witness at trial was Brian J. Jarvis, an investigator with the Marion County Sheriff's

Department in Florida. He testified that the victim had known appellant for approximately five months prior to the theft charges (N.T. 2/3/87, p. 14), and that she even had contact with appellant several times after the theft in an effort to get him to return the stolen items (N.T. 2/3/87, p. 4). Mr. Jarvis also testified that the victim picked appellant's photograph, while under oath, out of a photo lineup at the Florida State Attorney's Office; this photo lineup was admitted as Commonwealth's Exhibit 1 (N.T. 2/3/87, pp. 5, 10). After a review of appellant's testimony, we conclude that appellant offered no testimony or evidence to rebut the testimony of Mr. Jarvis with respect to whether he was the man sought by the Florida authorities (N.T. 2/3/87, pp. 48–56). Therefore, we find that the Commonwealth has met their burden by a preponderance of the evidence.

Order affirmed.